[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal from a judgment of the Lucas County Court of Common Pleas, wherein the motion to suppress evidence of appellees, Luis S. Montoya and Ramon R. Hernandez, was granted. Appellant, the state of Ohio, filed a notice of appeal pursuant to R.C. 2945.67 and Crim.R. 12(J) raising the following assignment of error:
 "THE TRIAL COURT ERRED BY GRANTING DEFENDANTS-APPELLEES [sic] MOTION TO SUPPRESS."
A suppression hearing commenced on March 25, 1997. Ohio State Trooper Kevin Kiefer testified he was on duty the evening of December 11, 1996 when he stopped a car driven by appellee Montoya. Trooper Kiefer testified he stopped the vehicle because he paced it as traveling seventy m.p.h. in a sixty-five m.p.h. zone. After stopping, Trooper Kiefer got out of his squad car and approached the vehicle on the passenger side. He then told Montoya he was stopped for a speeding violation. Kiefer asked Montoya for his driver's license, registration and proof of insurance. Kiefer testified that while Montoya was looking for the requested information, they had a conversation. Kiefer asked Montoya where he was going and Montoya answered "Toledo." When asked why he was going to Toledo Montoya responded that he planned to pick up a truck. When asked where the truck was located, Montoya stated it was in a shop in Toledo. Montoya stated he did not know the name of the shop, its location or its phone number. Kiefer asked Montoya how he planned to find the truck. Montoya answered that he was supposed to call a friend when he arrived in Toledo who would direct him to the truck. In response to further questions, Montoya revealed he did not know the friend's name, address or phone number.
Trooper Kiefer testified that the purpose of his questions was to put Montoya "at ease." He also testified that Montoya's responses made him suspicious of why he and his passenger were driving to Toledo. At this time, Kiefer's partner, Trooper Brian Courtney, arrived in a separate vehicle with a drug-sniffing dog. Kiefer immediately signaled Courtney to walk around the vehicle with the dog. Kiefer then asked Montoya to accompany him back to his squad car for a license and warrant check. While the two were sitting in the squad car, Trooper Courtney informed Kiefer that the dog had alerted him to drugs in the vehicle.
Trooper Courtney testified that after the dog alerted him to the presence of drugs, he asked appellee Hernandez to exit the vehicle. Hernandez got out and placed the cup he was holding on top of the vehicle. Courtney patted Hernandez down for weapons and escorted him back to Kiefer's squad car. When Courtney returned to the vehicle, he noticed that Hernandez's cup had fallen on to the ground. Upon picking the cup up, he saw a folded dollar bill inside. Trooper Courtney testified that, in the past, he has found illegal drugs inside dollar bills that are folded in the same way. When he opened the bill, he found a white, milky substance. Trooper Courtney testified he suspected the substance was cocaine. He then went back to the squad car and advised Hernandez he was under arrest for possession of cocaine. Hernandez admitted to possessing the cocaine. Appellees' vehicle was taken to the local Highway Patrol post. The troopers conducted an inventory search of the vehicle where they discovered large, concealed amounts of cocaine and marijuana.
When considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of a witness. State v. Mills (1992), 62 Ohio St.3d 357, 366. Consequently, in its review, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993),86 Ohio App.3d 592, 594. Accepting the facts as found by the trial court as true, the appellate court must then independently determine as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard. State v. Klein (1991), 73 Ohio App.3d 486, 488.
Where a police officer has a reasonable and articulable suspicion of criminal activity, the officer may make a brief, investigative stop. Terry v. Ohio (1968), 392 U.S. 1. Such a stop is justified if the "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. The scope of detention during an investigative stop, "* * * must be carefully tailored to its underlying justification * * * and last no longer than is necessary to effectuate the purpose of the stop." Florida v. Royer
(1983), 460 U.S. 491, 500.
The trial court, in granting appellees' motion to suppress, found that Trooper Kiefer unconstitutionally expanded the investigative scope of appellees' detention. We agree.
This court has repeatedly decried law enforcement's practice of using the lawfulness of an initial stop to support a "fishing expedition" for evidence of crime. State v. Correa
(1995), 108 Ohio App.3d 362, State v. Gonyou (1995), 108 Ohio App.3d 369,State v. Smotherman (July 29, 1994), Wood App. No. 93-WD-082, unreported, State v. Bevan (1992), 80 Ohio App.3d 126.
In Gonyou, Trooper Tracy McCray lawfully stopped Gonyou's vehicle for speeding. According to the trooper, Gonyou was traveling seventy-one m.p.h in a sixty-five m.p.h. zone. Trooper McCray testified his initial intention was to give the driver a speed warning ticket. Approaching the car, he noticed that the interior contained fast food wrappers and a container of partially eaten chicken. On request, Gonyou produced a valid Texas license, registration and a probation trip permit. The trooper asked Gonyou where he had come from and where he was going. Gonyou answered him. Noting that Gonyou's license listed his address as Splendora, Texas, Trooper McCray asked if Splendora had a significant drug problem. Trooper McCray testified that Gonyou quickly answered "no" and looked away. Trooper McCray testified that this, combined with the trash in the car, aroused his suspicions. He brought Gonyou back to his squad car for a record check and called for a drug-sniffing dog. Approximately thirteen minutes later, a trooper arrived with the dog. The dog alerted the troopers to the presence of marijuana in Gonyou's car.
This court, in reversing the trial court's decision denying Gonyou's motion to suppress, stated:
 "When Trooper McCray asked questions irrelevant to the original purpose of the stop, he was expanding the investigative scope of the detention. Until that questioning, drugs were not material to the purpose of the stop. Where appellant was going, where he was from and whether Splendora, Texas had a drug problem are not relevant to whether a speeding law was violated. * * * The tactics employed by the drug interdiction unit in this specific case are, in our view, clearly manipulative practices designed to expand the scope of the investigation beyond the parameters warranted by the initial stop. As such, they are violative of the Fourth and Fourteenth Amendments to the Constitution of the United States and Article I, Section 14 of the Ohio Constitution."
The facts in Gonyou are remarkably similar to the facts in the instant case. Based on his experience as a state trooper, Kiefer had a reasonable and articulable suspicion that Montoya was breaking a traffic law by driving over the posted speed limit. Thus, his initial stop of appellees' vehicle was justified. Trooper Kiefer's subsequent questions, however, were irrelevant to the purpose of the stop and he thereby unlawfully expanded the scope of the detention. Accordingly, the state's sole assignment of error is found not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 ______________________________ James R. Sherck, J.
JUDGE
CONCUR.